IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2086-D

JACKIE EMMITT MOOREHEAD, )
)
Petitioner, )
)
v. ) **ORDER**
)
STATE OF NORTH CAROLINA, )
)
Respondent. )

On April 24, 2017, Jackie Emmitt Moorehead, a state inmate proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241 [D.E. 1]. On October 20, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended dismissing the petition because Moorehead must pursue his claims under 28 U.S.C. § 2254. See [D.E. 6]. Judge Numbers declined to convert Moorehead's petition to a petition under section 2254 because Moorehead already filed a section 2254 petition. Id.; see Moorehead v. State of North Carolina, No. 5:15-HC-2092-FL, [D.E. 7] (E.D.N.C. May 11, 2016). On November 14, 2017, Moorehead filed an interlocutory appeal [D.E. 8], which the Fourth Circuit dismissed on June 19, 2018 [D.E. 13]. Moorehead did not object to the M&R. Rather, he filed a series of motions in which he essentially seeks leave to proceed under section 2254. See [D.E. 7, 11, 12].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Moorehead's motions do not meaningfully address the M&R. Because Moorehead's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Alternatively, Moorehead's motions lack merit. Moorehead concedes that his petition is successive. See Pet'r Ex. [D.E. 11-3] 4. Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Magwood v. Patterson, 561 U.S. 320, 331–34 (2010). This court does not have jurisdiction to review Moorehead's current petition until the United States Court of Appeals for the Fourth Circuit authorizes such review. See 28 U.S.C. § 2244(b)(3)(A); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

In sum, after reviewing the M&R, the record, and Moorehead's motions, the court ADOPTS the conclusions in the M&R [D.E. 6], OVERRULES Moorehead's objections, DENIES Moorehead's motions [D.E. 7, 11, 12], and DISMISSES Moorehead's petition. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 7 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge